The Honorable United States Court of Appeals for the First Circuit is now in session. All persons having any business before this honorable court may give their attendance and they shall be heard. God save the United States of America and this honorable court. Court is now in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Edward Brown, Appeal No. 20-1959. Attorney Faulkner, please introduce yourself for the record and proceed with your argument. May it please the court, this is attorney Benjamin Faulkner. I represent the appellant Edward Brown and I would request if the court were granted one minute for rebuttal. Yes, that's fine. Good morning, your honors. This is a case where Mr. Brown had completely served his entire sentence as to several of the counts of conviction. He was remaining to serve only on the 924C count which ultimately was vacated at the time that he was resentenced. He objected both on the grounds of double jeopardy and due process and the reason why this sentence resentencing violated due process of law was because of the fact that he had completely finished serving his sentences as to those other counts long before his resentencing. So when we look at the cases, the government says that every other circuit to have considered the issue has come out the other way with regard to the double jeopardy. That's not entirely true. The fourth circuit decided the case of United States v. Silvers which the government does not address and in Silvers was a very similar situation to what we have in the case at Barr where the defendant had completely served his sentence when a later count was vacated during 2255 proceedings. So there's at least one United States v. Silvers that this court can rely on. This court has not, to my knowledge, consulted this precise situation so the first circuit has not ruled in on this had he still been serving his other sentence. Mr. Faulkner, we do have this concept of a unified term of imprisonment so that at the time of the original sentence the court took into account what was before it as far as convictions and came up with an appropriate term of incarceration for each, but it was with the thought that this was an appropriate unified term of imprisonment. And how can there be an expectation of finality as long as there is a legitimate appeal pending or request for post finality relief? So I guess there is a couple of responses to that. The first as to the unified term of imprisonment, I believe that this court has discussed the sentencing package doctrine before and has considered sentencing packaging cases, but it was much later into the process in this case. This was not a direct appeal and so again, this was not a resentencing that occurred during the time when he continued to be serving the terms of incarceration that were imposed as to the prior sentences. So in terms of the unified term of incarceration, I'm not sure that it's completely on point where we have a situation that he actually does fully serve at least all of the other sentences at the time and is only left to be serving the 924C count. And that's the distinction between this case and earlier cases that have been decided in the First Circuit. And indeed, in the Pimienta case, that is a distinction that the court noted. The other distinction that I would raise, and this is along the due process line, is that he's so far into having served these sentences that they acquire this presumption of finality. So the government treats the due process and double jeopardy claims as exactly the same and they're not exactly the same. The double jeopardy is based on simply having passed the end of the sentences that are for the previous counts. The due process really is saying he's been in prison so long with no challenge to these other terms of incarceration that they acquire that presumption of finality. And here we're talking about 10 years down the line. Counsel, does the due process and substantive reasonableness issues, does that merge? I mean, here you have a situation where the sentencing judge basically had an opportunity to take the measure of the defendant and came away with the sense that this is a person who has not resented at all. So the due process issue in terms of substantive due process with regard to the length of the resentencing I think is a distinct issue, but I'm happy to address that. That folds into the issue with his being punished essentially for exercising his First Amendment rights. And so again, we have a defendant being sentenced essentially based on his belief system. And the reason we know that it's based on his belief system is we can compare the previous sentences that were imposed on some of the co-defendants which were roughly equivalent to his sentence. So to some extent, resentencing the court differentiates the other co-defendants based on the role in the offense. They say, well, Mr. Brown was the ringleader, but that wasn't a distinction that he made in the original sentencing. So we have a 37-year sentence for Mr. Brown versus I believe approximately 35 for Mrs. Brown and 36 for another of the co-defendants, yet all of those co-defendants are released on time served. And the only real distinction at that point between Mr. Brown and those similarly situated co-defendants is that he continues to hold the belief system even though he has disavowed any intention to act on that belief system. Don't good criminal defense lawyers routinely argue in sentencing repents, realizes what he did is wrong, acknowledges it's important to follow the law, and therefore his sentence shouldn't be as long? That's a very standard argument. Sure, but we have some... It's the flip side. This is put a knot in front of every one of those. The judge says, well, that's a whole different ball of wax. Understood. And I guess the response to that I have is first with regard to actually following the law. And I realize that the district court simply discounted this, but we have over 10 years in prison submitting to government authority. So we have somebody that has a history of that, but we also have his psychological interview that's conducted with Dr. Durand, who comes to the conclusion that while he continues to possess his beliefs, he is not somebody that's likely to actually act on those beliefs and resist so long as he's not permitted access to weapons at that point. So there is... Well, doesn't that become a matter of, as far as your client is concerned, credibility? Is his denial of any further action on his belief system? I mean, isn't that just credibility? And isn't the court entitled to examine what weight it wishes to give to the expert? Certainly the court's entitled to give whatever weight he wishes to the expert. There's no credibility in any way. Dr. Durand's report, however, here, what's clear is that he based his sentence here on the fact that Mr. Brown simply continued to hold the beliefs and essentially insisting that if you agree with me that the United States laws are just and lawful, then you can be released. If you don't agree with me and you believe that the laws are unjust and not real laws, but you will agree to follow them... Counsel, that's time. Well, isn't there a difference, for instance, between someone having a belief that the earth is flat and someone having a belief that there's no legitimacy to our laws? I mean, isn't that to make the court suspect as far as the defendant's willingness to obey those laws? Well, I guess in a sense that actually that later belief is actually more constitutionally important. We have a system of government that is based on people being able to have beliefs in the illegitimacy of the government. And that goes right back to the very founding of our republic. So the fact that he doesn't believe in the legitimacy is actually one of the most important protected First Amendment beliefs that there could be. So I think that, yes, there is a difference, but in some respects that that difference actually counsels in favor of not sentencing him based on those beliefs in this circumstance. If the court has no further questions, I will reserve till rebuttal. Thank you. Thank you, Attorney Faulkner. Please mute your audio and video. Attorney Aframe, please. Good morning. Seth Aframe for the United States. So the sentencing issue here was actually somewhat in vogue after the Supreme Court decided Bailey, which was the last time that the Supreme Court really upset a 924C convictions in a significant way. And I did cite a number of cases that reject the same basic argument made here. And the premise is the sentencing package doctrine, which in one of those cases, this court recognized in Rodriguez in the context of a 2255, not a direct appeal. So that's where we are here. So the question I think that needs to be asked is, was this a sentencing package? Judge Thompson, I think, points to the first feature that I would suggest, which is the unified term of imprisonment. But in footnote one of Rodriguez, this court said, you actually need to look a little further than that. And so I think if we do look further than that, we see other features that tell us this was a sentencing package. And I think the fundamental one that unified term of 444 months. And here it's so fundamentally is. The defendant absconded from court, didn't show up at his sentencing, barricaded himself into his compound, armed himself to the teeth, brought in supporters, created bombs and made threats. And that resulted in the series of counts that led to 444 months. So that suggests that it's a sentencing package. Second, the bulk of the penalty was for 924C. Why is that? Well, it's a mandatory minimum. 360 months was required as an add-on. So it would make sense that most of the count would go to that. But fundamentally, what tells us that the court viewed this altogether is on the other counts, he imposed a downward variance. And if you read his sentencing explanation that I quote in the brief from the original sentencing, it's very apparent that Judge Singal had no interest in showing Mr. Brown leniency by giving a variance. So he had to impose 360 months. He wanted to get to 444 months. And so the way to do that was to downward vary on the other counts to create 444 months, which we would all agree is a harsh sentence and was, in fact, tantamount to a life sentence, in this case, given Mr. Brown's age. And the law didn't require Judge Singal to go beyond basically 360 months in one day. As the Supreme Court held in Dean, if the court thinks that the 924C is harsh enough, it can go one day on the other counts, thereby still following the command that it be consecutive, but vary down to one day. He didn't do that. He imposed another significant sentence on the other counts to add on to the 924C count. So all of that together tells us this was one sentencing package. And the case law, I think, makes clear that when it's one sentencing package and you pull out the biggest stick from the package, that the right thing that the court should get to do on remand is to reevaluate the whole case so that the 3553A factors can be considered. I cited a series of cases. I think the ones that explain it the best is Townsend from the D.C. Circuit, Smith from the 7th Circuit, and another Smith from the 4th Circuit. They were all post Bailey. Defendant claimed I had served my entire sentence on everything but the 924C. And those courts, using the sentence package doctrine, explain that under 2255, you can be resentenced. And by the way, the defendant did get a lower sentence here. So I'm not disputing, as I say in the last paragraph of my brief, it's still likely to be a life sentence. But it was no longer 444 months. It was 300 months. And so, counsel, could you address the United States v. Silvers case that your brother invoked? So it's pre-Bailey. I know that. And it's also pre-Smith from the same court. And I don't recall it being the same factual circumstance of a 2255 with a 924C being vacated. Smith itself, I can't remember exactly how it distinguishes it now, but I do know Smith from Silvers. And so I don't think that that's going to be the case that's going to guide you. I think you're going to look at Townsend and our case, Rodriguez, and see that those are the guiding principles for deciding this case. If there are no questions on double jeopardy, I can turn to due process, which the defendant said it was a rehash. Five minutes, counsel. I do quote the rehash from other cases that say that. What I understand the argument to be made here is the differences that he's been in jail for a long time. But the reason we're back here, and I'm not faulting him obviously for this, is he made an argument, a good argument, that his 924C conviction is now infirm. But he didn't have a finality interest in this sentence, because the sentence was 444 months, of which he was only a fraction into. He ends up with a lower sentence as a result of this. So it's hard to see where the fundamental unfairness is when you raise a valid 2255, you get the relief you're seeking, you get to go back before the district judge, and you end up with a 144-month reduction in your sentence. In those circumstances, I wouldn't think that that is the kind of fundamental unfairness that would violate due process. Could you touch upon the disparate treatment? Yes, Judge Thompson. So there are two arguments made as far as the sentence goes. And the first is that he's being punished for violating his in the Alvarez case, sort of expounded on the law in that area. And he very clearly, relying on Supreme Court authority, points out that there are many circumstances in which you can rely on the defendant's statement, speech, beliefs, so to speak, when deciding what an appropriate sentence is. And that's when they go to lack of remorse, likelihood of reoffense, and the need for deterrence. And in that case, they didn't. But here they clearly do. In this case, the defendant, at his allocution, went on for quite some period, that you can read in the record, and you will see that he continues to say that he did not do anything wrong, that the crimes were, that his conduct should not have been criminal, the tax laws are invalid. And so it's very reasonable for a judge, single, to think that that's not a person, that is a person who is a continued risk to the public. And the argument is that, well, he's behaved in jail. And as Judge Single pointed out, right, that's an environment in which the need for conformity is particularly great. And so, yes, he has done that within jail, but that did not give Judge Single confidence that when those restrictions are released, that he would continue to be that way. And that's a reasonable decision, or a reasonable conclusion, based on what he said in his allocution, and the underlying offense, which Judge Single talks about at great length. This continues to be, I mean, Davis is important, all of this is important, but at the end of the day, this was a terrible crime that, luckily, because of the marshal service, didn't end up in a true conflagration. But, you know, no thanks to Mr. Brown. And Judge Single pointed all that out. That remains as true today, whether we have a 924C in the same form as we did or not, as we did then. And Judge Single took Mr. Brown's, in account of him today, Mr. Brown's account of what he did, and came up with the sentence. As far as comparisons to others, there are two fundamental distinctions between Mr. Brown and the others. The first is he's the leader of this, and Judge Single pointed that out. The record reveals that. The other people were supporters, his wife, Elaine Brown stands in some sort of middle territory. But most fundamentally, and I attended all of their resentencings, they, each and every one of them, explained remorse, why this was wrong, how they got into the situation, and why they regret it. And Judge Single took evaluation of that, and he determined that they had served long enough for the fundamentals of 3553 to be recognized. And he examined this situation, determined the exact opposite is true. That was very justifiable on this record, given what happened and what was said at the resentencing. So for that reason, I think he was justified in saying that Mr. Brown was deserving of a period of imprisonment when his, a further period of imprisonment, when those who supported him were not. If the court doesn't have any further questions, I'm happy to rest on my brief. Thank you. Thank you, Judge Thompson. Mr. Airframe, you can mute your audio and video. Attorney Faulkner, one minute of rebuttal. I'll just be very brief. I would point out that Mr. Brown has approximately nine years to serve in prison, based on his belief system. Again, other similarly situated defendants who received similar sentences, the government just conceded, basically received those sentences because they changed the beliefs. They told the court that they had changed their beliefs, and Mr. Brown insisted on his beliefs. And for that reason, I would suggest that this sentence cannot stand. Isn't it still a matter of not just the belief system? I mean, he had a belief system at the time this chaos ensued years ago. So it's not just the belief system, it's whether he's going to act on his belief system. And once again, it still seems to me that that comes down to a matter of, what do you believe? I understand. I guess that I would, my really only response to that is, again, we have somebody who is approaching 80, in poor health, who spent a good amount of time in prison, and essentially is going to die in prison, most likely because he insisted on the fact that he does not believe in the legitimacy of the United States government. That's essentially it. He's likely to die in prison because he doesn't believe in the legitimacy of the United States government. If the court has no further questions, I would rest on the briefs. Thank you. That concludes argument in this case. Attorney Faulkner, Attorney Aframe, please disconnect from the hearing at this time.